**[J-87-2020] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 15 WAP 2020 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered December |
| | : | 12, 2019 at No. 1716 WDA 2018, |
| v. | : | quashing the appeal from Order of |
| | : | the Court of Common Pleas of |
| | : | Allegheny County entered |
| JOSHUA WARDLAW, | : | November 5, 2018 at No. CP-02- |
| | : | CR-0013708-2016. |
| Appellant | : | |
| | : | ARGUED: October 21, 2020 |

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**                    **DECIDED: APRIL 29, 2021**

I join the majority's well-reasoned opinion in its entirety. I write only to suggest it may be prudent to instruct our rules committees — more specifically, our Appellate and Criminal Procedural Rules Committees — to consider devising some mechanism for providing notice to the Attorney General in cases, like this one, where a county district attorney seeks to concede a legal issue before an appellate court.

Our Constitution and statutory laws provide for the election of a district attorney in each of our Commonwealth's sixty-seven counties. *See, e.g.*, PA. CONST. art. IX, §4 (county officers shall consist of, *inter alia*, district attorneys); 71 P.S. §732-206(a) ("the district attorney shall be the chief law enforcement officer for the county in which he is elected"). These district attorneys and their assistants generally prosecute criminal cases which arise in the county from which the district attorney is elected, and they do so "in the name of the Commonwealth[.]" 16 P.S. §1402(a). However, it is solely the Attorney

General who acts as "the chief law enforcement officer of the Commonwealth[,]" 71 P.S. §732-206(a), and he is the only prosecutor elected on a statewide basis, *see* PA. CONST. art. IV, §4.1 ("[a]n Attorney General shall be chosen by the qualified electors of the Commonwealth").

Ordinarily, the interests of county district attorneys and the Attorney General are in alignment, such that the representation by one prosecutorial body in a criminal appeal naturally serves the interests of the others. But experience has taught us that this is not always the case. District attorneys, who in theory represent the Commonwealth as a whole but in reality are answerable for their prosecutorial decisions only to their county constituents, may at times adopt a position that is not shared by other district attorneys or the Attorney General. This incongruity can become problematic when the effect of the resolution of a legal issue in an appeal will extend beyond the physical boundaries of any one county. In these instances, a district attorney's outlier position on a legal issue, if accepted by the appellate court, will bind all other prosecutorial entities throughout the Commonwealth regardless of whether they agreed with that position.

This case serves as just one recent example of the potential harm that can arise under the current system. In its brief and at oral argument, the district attorney in this matter joined the appellant in asking us to reverse the Superior Court on the discrete legal issue presented. Had we adopted this shared position — rather than overwhelmingly rejected it — we would have tied the hands of all other prosecutors across the Commonwealth. It seems to me that, to ensure the Commonwealth's interests are adequately represented when a legal issue in an appeal has statewide implications and a county district attorney does not intend to advocate in opposition to the defense position, the district attorney should be required to communicate that decision to the Attorney

General.[1]  Such a process would afford the Attorney General the opportunity to make a more timely and reasoned assessment of whether his involvement in the case is warranted, either by means of intervention or as an *amicus curiae*.[2]  And, such a process would be neither novel within this Commonwealth, *see, e.g.*, Pa.R.A.P. 521 (imposing a duty on a party who draws into question the constitutionality of a statute in any matter in an appellate court "to give immediate notice in writing to the Attorney General . . . of the existence of the question"), nor outside of it, *see generally* Katherine Shaw, *Friends of the Court: Evaluating the Supreme Court's* Amicus *Invitations*, 101 CORNELL L. REV. 1533, 1565 (2016) (describing the United States Supreme Court's practice of appointing *amici* and observing that "[m]any *amicus* invitations involve what can be broadly described as confessions of error — either an error by the government itself, as where the Solicitor General's office decides to disavow a position taken by litigators below, or an error by the lower court or courts").

---

[1] The dissent believes we should not be concerned when a county district attorney's views on a legal issue in an appeal align with the defense, because "[t]he prosecutor's duty to seek justice trumps his or her role as an advocate to win cases for the Commonwealth." Dissenting Opinion at 7 n.6 (internal quotations and citation omitted).  Respectfully, the issue is not about winning cases or criticizing prosecutors who make good-faith concessions in the interests of justice; it's about ensuring an adequate opportunity for the presentment of competing sides to a legal issue before the appellate tribunal that must decide it, as contemplated by our adversary system's design.

[2] I recognize there already exists an avenue through which the Attorney General, or any interested party, such as the Pennsylvania District Attorneys Association, may participate as *amicus curiae* in an appeal.  *See* Pa.R.A.P. 531.  However, this rule requires that the *amicus* brief "must be filed on or before the date of the appellant's filing" where it does "not support the position of any party[.]"  Pa.R.A.P. 531(b)(4).  If the Attorney General is not aware that a county district attorney intends to concede a legal issue in a given appeal, and the Attorney General disagrees with that position (*i.e.*, he "will not support the position of any party"), the deadline for filing a timely *amicus* brief may very well pass before the Attorney General even realizes his involvement was necessary.

Accordingly, while I join the majority's excellent opinion in full, I would also take the opportunity to formally invite the relevant rules committees to give this matter due consideration.

Justice Wecht joins this concurring opinion.